UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 08-78-HRW

MARY ANN BAILEY, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on July 26, 2004, alleging disability beginning on June 1, 2004, due to hypertension, mitral valve prolapse, anxiety, depression, irritable bowel syndrome and gastroesophageal reflux disease.

This application was denied initially and on reconsideration.

On July 12. 2006, an administrative hearing was conducted by Administrative Law Judge John M. Lawrence (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Ralph Crystal, Ph.D., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 5, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20).

Plaintiff was 59 years old at the time of the hearing decision (Tr. 309). She has a high school education and her past relevant work experience consists of work as a bookkeeper and housing authority director (Tr. 309-310, 318).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression, which he found to be "severe" within the meaning of the Regulations (Tr. 15-18). The ALJ determined that Plaintiff had no severe physical impairments (Tr. 15-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18). In doing so, the ALJ specifically considered listing 12.04 (Tr. 18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 19) but determined that she has the residual functional capacity ("RFC") to perform non-detailed tasks, which do not involve maintaining attention and concentration for extended periods of time, much interaction with the general public, many changes in the work setting or much interaction with supervisors (Tr.

18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 21, 2008 (Tr. 5-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give controlling weight to the July 2006 report of Dr. Robert Hoskins and (2) the ALJ did not properly characterize Plaintiff's mental restrictions in the hypothetical to the VE.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to give controlling weight to the July 2006 report of Dr. Robert Hoskins[1].

---

[1] In his decision, the ALJ incorrectly refers to the physician as Dr. Hoster.

The Court first notes that Dr. Hoskins is not a treating source, but rather, a one-time examiner. As such, his opinion is not entitled to the deference given to a treating physician. The ALJ was, however, required to evaluate the opinion, considering factors such as examining relationship, supportability, consistency, and specialization. 20 C.F.R. § 404.1527.

Plaintiff was seem by Dr. Hoskins for an "independent examination" on July 1, 2006. His report is part of the record at Tr. 268-276. Dr. Hoskins suggests physical limitations not reflected in the RFC. Yet, his opinion is not supported by his own findings. For example, although he opined that Plaintiff's arthritis would have significant impact on her functional abilities, his examination revealed a normal gait, no difficulty in alighting from the examination table, an ability to tandem walk, heel walk and toe walk as well as normal flexion, extension, adduction and abduction (Tr. 270, 269, 276). This examination is consistent with that of consultative examiner Dr. Bobby Kidd who, in October 2004, found Plaintiff ambulated with a normal gait and retained a normal range of motion in her hips, knees and ankles (Tr. 218, 220).

Further, Dr. Hoskins opinion regarding Plaintiff's functional limitations was at odds with Plaintiff's own admissions about her activities, which include shopping, household chores, driving and attending church (Tr. 74-81).

In light of the foregoing, Dr. Hoskins' opinion of severe functional limitation is not persuasive.

Plaintiff's second claim of error is that the ALJ did not properly characterize Plaintiff's mental restrictions in the hypothetical to the VE.

It is the long-standing rule of this circuit that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the ALJ was not persuaded by Plaintiff's subjective complaints. She claims that she has difficulty concentrating and remembering and has an aversion to people (Tr. 316-317) and argues that these problems should have been incorporated into the RFC. However, the ALJ discounted this testimony because the record did not support the severity of Plaintiff's allegations. For example, there is no record of treatment for these alleges symptoms. The Court finds no error in the ALJ's assessment in this regard.

Plaintiff also argues that the November 14, 2004 evaluation of Dr. Lamb indicates an inability to function in a work setting. Yet, Dr. Lamb did not preclude

all mental tasks and the ALJ took into account certain limitations, such as Plaintiff's inability to tolerate change in work settings.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __5__ day of January, 2009.

*[signature]*

Henry R. Wilhoit, Jr., Senior Judge